NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  C. DOUGLASS THOMAS,**
*Appellant*

---

2019-1957

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 11/960,449.

---

Decided:  April 8, 2020

---

C. DOUGLASS THOMAS, TI Law Group, PC, San Jose, CA, pro se.

BRIAN RACILLA, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu.  Also represented by THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before DYK, SCHALL, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

C. Douglass Thomas appeals a decision of the Patent Trial and Appeal Board ("Board") affirming the examiner's rejection of all pending claims in U.S. Patent Application No. 11/960,449 ("'449 application") under 35 U.S.C. § 101.

The '449 application is titled "Method and User Interface for Requesting and Reviewing Notifications Pertaining to Publications." J.A. 36. Independent claim 1 is representative of the subject matter at issue on appeal:

> A computer-implemented method for notifying users having patents of subsequent publications that reference the patents of the users, said computer-implemented method comprising:
>
>> identifying a user patent associated with a user;
>>
>> determining whether one or more subsequent publications reference the user patent;
>>
>> producing a notification message for the user to inform the user of the one or more subsequent publications; and
>>
>> sending the notification message to the user,
>>
>> wherein said identifying, said determining, said producing and said sending are performed by one or more computing devices,
>>
>> wherein said sending comprises transmitting the notification message to the user as an electronic mail message,
>>
>> wherein the notification message comprises an active link to a world wide web page containing the descriptive information about the one or more subsequent publications, and
>>
>> wherein the method further comprises:
>>
>>> determining whether the one or more subsequent patents are associated with at least one notifiee that is one of a plurality of previously identified notifiees; and

> determining a predetermined authorization type for publication notifications for the at least one notifiee; and

> wherein said producing of the notification message includes an indication of the authorization type for the at least one notifiee.

J.A. 27.

Applying the two-step framework set forth in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014), the Board found that the claims are directed to the abstract idea of "alerting by notification message notice of a new publication indicated as relevant to the notifiee." J.A. 4–9. The Board also found that the claims do not contain an inventive concept beyond the abstract idea. J.A. 23–24. We agree with the Board on both points. We therefore adopt the Board's reasoning in its decision and its decision denying rehearing. *See* J.A. 1–25.

We have considered Thomas's arguments on the patent eligibility of the claims but find them unpersuasive. The decision of the Board is affirmed.

## AFFIRMED

### COSTS

The parties shall bear their own costs.